■ In the Matter of the Claim of ALLEN STAUBLE, Respondent, against FREEMAN PUBLISHING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The claimant in this case was employed by the appellant as a newspaper boy earning for part-time work $4.50 per week. On March 13; 1953, while in the regular course of employment, he caught his shoe in a crack in the sidewalk and suffered a fracture of the fifth metatarsal of his left foot, which resulted in a 7½% loss of use of the left foot. He testified that at the time of his injury he was 15 years of age. He was awarded compensation at the wage expectancy rate of $32 pursuant to subdivision 5 of section 14 of the Workmen's Compensation Law and double compensation pursuant to section 14-a of the Workmen's Compensation Law and sections 130, 131 and 151 of the Labor Law. On this appeal, the employer contests the award granting double compensation to the claimant and the employer and carrier jointly attack the award on the question of wage expectancy rate of $32. On the first question there was testimony by the claimant that he was told by a Mr. Hoffman representing the employer that if he stayed on with the company he could eventually obtain a printer's job. It was conceded that printer's earnings were sufficient to justify the allowance of the maximum rate. There was testimony that it was customary in the organization to promote people from one job to a better one when vacancies arose. Claimant also

testified that he had obtained a job after the accident where he received $40 per week. Such evidence was sufficient to warrant the finding that the claimant-minor would be expected under normal conditions to continue in the newspaper business and his wages would be expected to increase sufficiently to entitle him to the maximum wage rate of $32 (*Matter of Rose* v. *Newsday Newspaper*, 4 A D 2d 918). On the question of double compensation there was testimony by the claimant that he had never obtained working papers during the time he was engaged as a newspaper carrier boy by the employer. There was testimony by the employer that working papers had been obtained from the claimant but had been returned to the board of education after claimant left its employ and a statement that they were destroyed. No record of working papers was kept by the employer. No testimony was presented by anyone from the board of education to sustain the claim that the working papers had been destroyed. This factual dispute has been resolved in favor of the claimant, and is conclusive. The failure of the employer to obtain from the claimant and keep on file necessary working papers, authorizing claimant's employment, made the employment unlawful. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.