411 P.2d 56

**Harold Samuel HERMAN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and J. D. Clawson, Respondents.**

**No. I CA–IC 59.**

Court of Appeals of Arizona.

Feb. 16, 1966.

Rehearing Denied March 7, 1966.

Review Granted March 29, 1966.

Donald J. Morgan, Phoenix, for petitioner.

Robert Park, Chief Counsel, Joyce Volts, Phoenix, for respondent Industrial Commission of Arizona.

DONOFRIO, Judge.

This is an appeal of the claimant, Harold Samuel Herman, by writ of certiorari, from an award of the Industrial Commission granting claimant accident benefits and compensation.

The facts are not disputed. The claimant suffered a compensable industrial accident in September, 1962, when he was 18 years of age. He was working as a farm laborer when he caught his right foot in an ensilage chopper, causing an injury that resulted in the amputation of his right leg below the knee. On June 15, 1964, the Commission issued an award finding that the claimant suffered a permanent partial disability equal to 100% loss by amputation of the right leg. The amount of his average monthly wage, upon which his compensation under A.R.S. § 23–1044, subsec. B, par. 15 was based, was determined in accordance with A.R.S. § 23–1041, subsec. B. Claimant had been employed less than thirty days, and his actual earnings were projected to a monthly period in order to establish his average monthly wage. The award provided, "that any party aggrieved by this award may apply for rehearing of the same by filing written application therefor at the office of this Commission, within TWEN-TY (20) DAYS after the service of this award, as provided by the rules and regulations of this Commission; and that jurisdiction be and it is hereby reserved to alter, amend or rescind this award upon good cause shown."

The Award was not protested with the twenty day period. The petitioner became 21 years of age on November 8, 1964. On February 25, 1965, he filed a petition and application for readjustment or reopening of claim asking for an increase of his average monthly wage for permanent award to the sum of $600 per month. Petitioner alleged that his average monthly wage should have been computed under A.R.S. § 23–1042, the statute which sets forth the basis for computing the average monthly wage of minors permanently incapacitated. Petitioner alleged $600 to be the amount per month that under ordinary circumstances he would have earned at the age of 21 but for his injury. He further alleged that he was a minor with no guardian at the time the award of June 15, 1964 was made. The petition was denied by an award of April 1,

1965, finding that the previous award of June 15, 1964 had become final without protest, and the Commission had no jurisdiction to alter that award. This was protested, and the Commission issued a Decision upon Hearing and Order Affirming Previous Findings and Award on June 22, 1965, affirming the denial of reopening claim issued April 1, 1965. Petitioner then brought this action.

The Claimant, an eighteen year old when the accident occurred, was a legally employed minor. As such, he was entitled to prosecute his case before the Commission without a guardian. S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 182 P.2d 931 (1947). This he elected to do. We hold that the time within which the petitioner could protest the Award of June 15, 1964, commenced to run on the petitioner's 21st birthday. Thereafter he had twenty days within which to apply to the Commission for a re-hearing on the ground that the Award was not computed under the applicable statute. The petitioner did not file a notice of pro-test or an application for rehearing with the Commission within the allotted twenty day period. His next action was not taken until February 25, 1965, approximately three and one half months after he reached majority.

On that date petitioner filed a Petition and Application for Readjustment or Re-opening of Claim alleging that his average monthly wage had been computed by using the standard of an inapplicable statute. The allegation would properly have been raised by a notice of protest and application for rehearing; however, it is not the incorrect nomenclature of the petition upon which this decision is based, but upon the fact that the petitioner's remedy was limited by the twenty days time limit within which to protest an Award after he reached adulthood.

The Award was not timely protested, and is therefor final.

STEVENS, C. J., and CAMERON, J., concur.