414 P.2d 134

**Harold Samuel HERMAN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and J. D. Clawson, Respondents.**

**No. 8759 PR.**

Supreme Court of Arizona,
In Banc.

May 12, 1966.

Donald J. Morgan, Phoenix, for petition--
er.

Robert Park, Chief Counsel, The In-
dustrial Commission, Joyce Volts, Phoenix,.
for respondent, The Industrial Commis-
sion.

McFARLAND, Justice:

Pursuant to Rule 47(b), Rules of the Su-
preme Court, 17 A.R.S., and A.R.S. § 12--
120.24, we granted a petition to review the
decision of the Court of Appeals reported
in 2 Ariz.App. 618, 411 P.2d 56, which on
writ of certiorari affirmed an award of
The Industrial Commission of Arizona,
hereinafter designated the Commission, to·
the petitioner in the Court of Appeals, Har--

-old Samuel Herman, hereinafter designated the claimant.

Claimant, a farm laborer, was injured within the course of his employment in September 1962, while in the employ of respondent J. D. Clawson, Benson, Arizona. Claimant, eighteen years of age at the time of the injury, suffered a compensable injury when he caught his right foot in an ensilage chopper, which resulted in amputation of his right leg below the knee. The Commission, in "Findings and Award for Scheduled Permanent Disability," dated June 15, 1964, determined that claimant had sustained a permanent partial disability equal to a one hundred percent loss by amputation of the right leg, and awarded claimant compensation based thereon, to-wit: compensation in the amount of $3,-187.23 for total temporary disability, and compensation in the amount of $162.44 monthly for a period of fifty months for permanent partial disability. Claimant did not file an application for rehearing of the award of the Commission within the twenty-day period provided by Rule 37, Rules of Procedure Before The Industrial Commission of Arizona.

Claimant became twenty-one years of age on November 8, 1964. On February 25, 1965, claimant filed a "Petition and Application for Readjustment or Reopening of Claim," and requested:

"Increase of monthly wage for permanent award to the sum of $600 monthly,

pursuant to provisions of Sec. 23-1042 A.R.S.; such wage being what applicant, under ordinary circumstances, would have earned at age twenty-one but for the injury; applicant was a minor with no guardian at time of the prior award based on insufficient wage."

By "Findings and Award Denying Reopening of Claim," dated April 1, 1965, the Commission stated it had no jurisdiction to alter the award and finding of wage because the June 15, 1964, Findings and Award had become final without protest. Claimant, by a "Petition for Hearing," dated May 4, 1965, sought a hearing on grounds that "[d]isability of minority tolls finality of award; award illegal for failing to follow statute." The Commission, by "Decision Upon Hearing and Order Affirming Previous Findings and Award," dated June 22, 1965, affirmed its previous findings and award.

The Commission, in determining the amount of compensation to which claimant was entitled, in its order of June 15, 1964, determined claimant's monthly wage at that time to be $295.34. The Commission then determined the amount of compensation for partial disability based upon A.R.S. § 23-1044, subsec. B, par. 15, and failed to follow A.R.S. § 23-1042.

"§ 23-1042. Basis for computing average monthly wage of minor permanently incapacitated

"If it is established by competent evidence that an injured employee is under twenty-one years of age and his incapacity is permanent, his average monthly earning capacity shall be deemed, within the limits fixed by §§ 23–1041 and 23–1046, to be the monthly amount which under ordinary circumstances he would probably be able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury, or in any occupation to which he would reasonably have been promoted if he had not been injured. If the probable earnings at the age of twenty-one years cannot be reasonably determined, his average earnings shall be based upon four dollars per day for a six-day week."

The memorandum submitted to the Commission by the Industrial Commission's referee who held the hearing requested by claimant stated, in part:

" * * * the claimant, through his attorney, filed a Petition and Application for Readjustment or Reopening, stating that he wants an increase of his average monthly wage to the sum of $600.00 per month, since this is what he would have earned at the age of 21 but for the injury, and this is the basis upon which a minors wage is to be computed pursuant to A.R.S. Section 23–1042. * * *

\* \* \* \* \* \*

"The claimant, or his attorney, is correct in that the Statute does require that a minor's average monthly wage be set in the amount which he would probably earn at the age of 21 years had he not had the injury. However the Award did become final without protest and the issue is res judicata. * * *"

Claimant, in filing his original application for compensation, appeared before the Commission without a guardian, which is permissible under A.R.S. § 23–905:

"§ 23–905. Minor employees; limitation upon payment of lump sum award

"A minor working at an age and at an occupation legally permitted shall be deemed of the age of majority for the purposes of this chapter, and no other person shall have any claim or right to compensation for an injury to such minor workman, but an award of a lump sum of compensation to the minor employee shall be paid only to his legally appointed guardian."

No guardian was appointed for him as provided by A.R.S. § 23–1066:

"A. When it appears to the commission that a claimant for compensation or death benefits is incompetent by reason of minority to prosecute his claim, the commission may, upon motion of any party to the proceedings or upon its own motion, appoint a trustee or guardian ad litem to appear for and represent the minor, upon such terms and conditions as it deems proper under this chapter or

under the rules of the commission made pursuant thereto. * * * "

The question thus presented is whether a minor claimant may seek to have an award reopened after he has reached majority where the Commission failed to consider A.R.S. § 23–1042 in computing the amount of compensation to which claimant is entitled.

 A legally-employed minor may appear before the Commission and prosecute his application for compensation without the benefit of a guardian. A.R.S. § 23–905, supra; S. H. Kress & Co. v. Superior Court, 66 Ariz. 67, 182 P.2d 931. Claimant was thus sui juris under our workmen's compensation act, and bound by its provisions.

"* * * legally employed minors can have their own cause of action before the Board and collect their own money and need a guardian only for lump sum settlement. * * *" S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 74, 182 P.2d 931, 936.

The Commission, in determining the amount of compensation due claimant for permanent incapacity, did not use the standards set forth in A.R.S. § 23–1042, supra. The words of this statute are couched in mandatory terms wherein it is provided that "his average monthly earning capacity *shall be deemed,* * * * to be the monthly amount which under ordinary circumstances he would probably be able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury, or in any occupation to which he would reasonably have been promoted if he had not been injured." [Emphasis added.]

In Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118, quoting from Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217, we stated:

"'* * * the commission retains jurisdiction of all compensation cases for the purpose of altering, amending, or rescinding its findings and awards at the instance of either the workman, the insurer or the employer (a) upon showing a change in the physical condition of the workman subsequent to said findings and award arising out of said injury resulting in the reduction or increase of his earning capacity; (b) upon a showing of a reduction in the earning capacity of the workman arising out of said injury where there is no change in his physical condition, subsequent to said findings and award; (c) upon a showing that his earning capacity has increased subsequent to said findings and award.' 69 Ariz. 180, 211 P.2d 231." 95 Ariz. at 245, 389 P.2d at 122

The legislature, by enacting A.R.S. § 23–1042, recognized that a minor claimant undergoes a "change of condition" between the time of the award and the date he

reaches majority, and by virtue of this statute it is mandatory upon the Commission to determine the extent to which a particular minor claimant will undergo such a change of conditions, and reflect this determination in its initial award.

The issue then is whether a minor claimant, sui juris under the Workman's Compensation Act of Arizona, may, upon reaching majority, reopen his award when the Commission fails to take into consideration a future change of conditions which has increased his earning capacity and which the legislature has said the Commission must consider when determining compensation to which claimant is entitled.

The Commission contends that claimant's monthly wage was established by its award dated June 15, 1964, and protest not having been made within twenty days thereafter, the time for making application for rehearing expired and the matter is res judicata. It is true claimant was sui juris, and his failure to file his application for rehearing within twenty days precluded him from obtaining a rehearing of the June 15, 1964, award, and unless he is entitled to reopen his claim under the exceptions recognized by this court[1] the award is final. Rule 37, Rules of Procedure Before The Industrial Commission of Arizona; Martinez v. Industrial Commission, 97 Ariz.

275, 399 P.2d 678; Naylor v. Industrial Commission, 89 Ariz. 394, 363 P.2d 579.

■ However, in Adkins v. Industrial Commission and Steward v. Industrial Commission, supra, we recognized certain changes in condition upon which the Commission may exercise its continuing jurisdiction, and open, alter, or amend its previous award. The change in condition in the instant case—namely, a minor reaching majority after an injury—recognized by the legislature in A.R.S. § 23–1042, must be added to the list of conditions. Claimant under these conditions may file a petition to reopen his case, alleging that his compensation is less than it would have been had the Commission followed the statute. It is then the duty of the Commission to reopen the award and make the determination on the basis of what his earning capacity would be had he not received the injury.

Claimant filed his petition seeking reopening of his case, alleging that he had now reached the age of twenty-one years, and asking for an increase "of monthly wage for permanent award to the sum of $600 monthly." This was the end of the period of the changed condition recognized by statute. A.R.S. § 23–1042.

In Adkins v. Industrial Commission and Steward v. Industrial Commission, supra,

---

1. In addition to the continuing jurisdiction set forth in Steward v. Industrial Comm. and Adkins v. Industrial Comm., supra, we have recognized that the Commission has jurisdiction to correct a steno-graphic error, Hamer v. Industrial Comm., 43 Ariz. 349, 31 P.2d 103, and to correct a mutual mistake of fact, Martin v. Industrial Comm., 63 Ariz. 273, 161 P.2d 921.

the basis for reopening was not the lapse of any particular time or within a limited time, but the occurrence of the changed conditions. We see no reason for a different basis in the instant case. The important factor is the allegation of the changed condition. This requirement has been met in the instant case.

The Commission is therefore ordered to reopen the case, and make its award in accordance with this decision.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.