489 P.2d 57

Haskell BEASLEY, Jr., Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Gilbert R. Rogers & Lee Roy Rogers (Rogers Farms), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 479.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 4, 1971.

Rehearing Denied Nov. 15, 1971.

Review Granted Dec. 14, 1971.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, Industrial Comm. of Ariz., for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Ronald M. Meitz, Phoenix, for respondent carrier.

JACOBSON, Presiding Judge.

In this appeal by writ of certiorari, the Court is asked to determine at what point in time a minor claimant is entitled to the probable average monthly wage provided by A.R.S. § 23–1042 entitled "Basis for computing average monthly wage of minor permanently incapacitated."

The facts are not in dispute. On July 1, 1963, the petitioner, Haskell Beasley, Jr., 17 years old at that time, was injured in an industrial accident when he was shot through the spine. This injury resulted in complete paralysis of both legs. The Commission awarded him *temporary* total disability benefits in the sum of $289.83 per month based upon his earning capacity at the age of 17. These temporary benefits continued until an award was entered on August 19, 1969. On that day the Commission determined that his condition was permanent and increased the award to $371.32 per month, retroactive to petitioner's 21st birthday—February 5, 1967. The August 19, 1969 award was increased on April 24, 1970, to $477.17 per month, this amount being based upon the stipulated average monthly wage he would probably earn at the age of 21. The April 24, 1970 award

was also made retroactive to February 5, 1967.

The petitioner contends he is entitled to be paid the amount set forth in the stipulated award of April 24, 1970, retroactive to the date of his injury—July 1, 1963. On the other hand, the Fund contends that this increased probable earning capacity can only be paid retroactively to his 21st birthday.

The statute which controls in this case is as follows:

A.R.S. § 23–1042

"If it is established by competent evidence that an injured employee is under twenty-one years of age and his incapacity is permanent, his average monthly earning capacity shall be deemed, within the limits fixed by §§ 23–1041 and 23–1046, to be the monthly amount which under ordinary circumstances he would probably be able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury, or in any occupation to which he would reasonably have been promoted if he had not been injured. If the probable earnings at the age of twenty-one years cannot be reasonably determined, his average earnings shall be based upon four dollars per day for a six-day week."

In analyzing A.R.S. § 23–1042, it is apparent that it is in conflict with the general statutory procedure utilized in determining the average monthly wage of an injured adult workman. Under the general statute, A.R.S. § 23–1041, an injured adult workman is required to have his average monthly earning capacity determined "on the basis of such employee's average monthly wage at the time of injury." [1]

It is further apparent that A.R.S. § 23–1042 can only come into play and change this adult determination period on the happening of two conditions, that is, (1) the injured workman is under 21 years of age

1. In our opinion the reference in Sec. 23–1042 to limits imposed by A.R.S. §§ 23–1041 and 23–1046 refer to exclusions of amounts in excess of $1,000.00 under A.R.S. § 23–1041 and the limitations on death benefits under A.R.S. § 23–1046.

at the time his injury occurred, and (2) his disability is permanent.

Legislation such as A.R.S. § 23–1042 was obviously intended to remedy the unjust situation of requiring a minor whose permanent injuries are presumed to affect his earning capacity for the entire term of his wage earning career, to receive benefits based upon an earning capacity at a time when his full productivity had not yet been realized. By enacting A.R.S. § 23–1042 the legislature has, to some extent, remedied this inequitable situation by establishing full productivity at 21 years of age. Thus, a permanently incapacitated workman who received his compensable injury as a minor is entitled to receive for his permanent injuries compensation based upon "the monthly amount which under ordinary circumstances he would probably be able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury. * * *"

While the salutary effect of this type of legislation is clear, in the opinion of a majority of this Court, the statute is ambiguous as to what point in time this salutary effect is to take place. In other words, when is a permanently incapacitated minor entitled to receive benefits based upon the increased probable earning capacity?

■ Again, in analyzing this statute we have no hesitancy in holding that a minor is not entitled to receive increased benefits for injuries which are only temporary in nature, even though total, and that the earliest date that these benefits can be received under the statute is when a determination is made that his incapacity is permanent in nature. This is in accord with the interpretation placed upon a similar New York statute. See, Hilbert v. Preferred Plating Co., 36 A.D.2d 77, 318 N.Y. S.2d 626 (1971).

Thus, we reject petitioner's contention that in *all* cases the date of injury is the arbitrary date from which the increased compensation is to be paid, for the simple reason that an injury received on that date may or may not result in permanent incapacity as required by the statute. However, a determination that an injury is permanent in nature can occur, for the purposes of giving effect to this statute, at two different times, either prior to the injured minor attaining the age of 21 years or, as in this case, after his 21st birthday.

■ As to the former situation, we believe the statute is capable of being interpreted to mean that upon a determination that the minor's incapacity is permanent, even though he has not yet attained his 21st birthday, he is entitled to receive compensation based upon an average monthly wage equal to his probable earning capacity at age 21. This is for the reason that the statute provides that once evidence establishes minority at the time of injury and permanent incapacity "his average monthly earning capacity *shall be deemed*" to be the increased amount.

However, to apply this date of determination of permanency test to an injured workman who at the time of the determination had already reached his 21st birthday is to deprive him of the statutory presumption that his full earning capacity came into effect at age 21. Such a result also is contrary to the purpose of A.R.S. § 23–1042, that is, compensating such a workman who is permanently incapacitated based upon his earning capacity at age 21.

On the other hand, a majority of this Court is of the opinion that the legislature did not intend to hand a permanently incapacitated minor a windfall by compensating him from the date of his injuries based upon a 21-year-old earning capacity when in fact he was not earning such a wage. In making this observation, the majority is not unaware that under our holding in this case a windfall, so to speak, does occur when the minor's incapacity becomes permanent prior to his 21st birthday. However, this particular windfall is required by the statute, while placing compensation at the increased earning capacity to date of injury is not.

■ We therefore hold that a workman who is injured as a minor but whose inju-

ries are not determined to be permanent until after he has reached his 21st birthday is entitled to have his probable monthly earning capacity determined as of his 21st birthday and to be paid compensation based upon that determination retroactively to this 21st birthday date. This is, of course, what the Industrial Commission did in this case, and we could end this opinion at this point, except that the question still remains as to how this determination of permanency is to be made.

As indicated in the recitation of facts, petitioner was shot in 1963 through the spine which resulted in a complete paralysis of both legs. However, there was not an administrative determination that he was permanetly disabled until six years later in 1969. The Court is aware that the Industrial Commission in its normal operating procedure enters an initial award for temporary disability regardless of the extent of the injuries to enable a complete medical examination to be made to determine both the extent and permanency of a claimant's disability. We are also aware that normally an administrative determination of permanency is not made until such time as the medical evidence discloses that the claimant's condition is stationary, that is, further medical treatment is incapable of improving his overall condition so as to increase his capacity to earn wages. Minton v. Industrial Commission, 90 Ariz. 254, 367 P.2d 274 (1961); Aluminum Co. of America, etc. v. Industrial Commission, 61 Ariz. 520, 152 P.2d 297 (1944). Normally, this procedure, where the claimant is an adult, does not operate to the workman's disadvantage.[2]

In the case of a minor claimant, however, unless a permanent disability determination is made at the earliest possible date, prejudice does occur because of our holding that such a minor is not entitled to compensation based on probable 21-year-

old earnings during the temporary disability period.

■ In this case, the medical evidence clearly established that petitioner's injuries to his spine resulted in the complete loss of use of both legs. The evidence is further clear that this diagnosis was apparent within a relatively short time following his injury. In view of the statutory presumption of total and permanent disability when an injury to the spine results in complete paralysis of both legs (A.R.S. § 23–1045, subsec. C, par. 4) and the medical evidence in this case, we are of the opinion that the passage of six years before an administrative determination was made that petitioner's injuries were permanent is unreasonable.

For this reason, in the opinion of a majority of this Court, the award of the Commission must be set aside for the purpose of allowing the Commission to determine when petitioner's condition could reasonably be classified as permanent under the medical evidence and start petitioner's probable 21-year-old earning capacity compensation on that determination in accordance with the views expressed in this opinion.

HAIRE, J., concurs.

EUBANK, Judge (specially concurring).

I concur in the result reached by a majority of this Court setting the award aside, however since I disagree on the basis, I am constrained to write a separate opinion.

We issued our writ of certiorari in order to review the lawfulness of an award of The Industrial Commission of Arizona, which is based upon its statutory interpretation of A.R.S. § 23–1042, captioned, "Basis for computing average monthly wage of minor permanently incapacitated." The petitioner contends that the legislative in-

---

2. During the temporary partial disability period a claimant is paid at 65% of his earning capacity as compared to only 55% of earning capacity during the permanent partial disability period. (A.R.S. § 23–

1044). If the disability is total, 65% of average monthly wage is paid for both temporary and permanent. A.R.S. § 23–1045.

tention of § 23–1042 is clear, and that the Commission's award based on a date, other than the date of injury, is erroneous and must be set aside. The respondent-Commission contends that the statute is ambiguous and that its interpretation of its effective date as being the petitioner's twenty-first birthday requires our affirmance of the award.

The facts are not in dispute. On July 1, 1963, the petitioner, 17 years old at the time, was injured in an industrial accident when he was shot through the spine which resulted in paralysis and a permanent injury. The Commission awarded him temporary total disability benefits in the sum of $289.83 per month until August 19, 1969. On that day the Commission increased the award to $371.32 per month, retroactive to petitioner's 21st birthday—February 5, 1967. The August 19, 1969 award was increased by another award on April 24, 1970, to $477.17 per month, retroactive to February 5, 1967, by stipulation of the parties.

The petition specifically contends that the clear intention of A.R.S. § 23–1042, requires the August 19, 1969, and April 24, 1970 awards be dated from the date of the injury (July 1, 1963) rather than from February 5, 1967, his twenty-first birthday, as was done by the Commission. The respondent-Commission specifically contends that its April 24, 1970 award is proper under A.R.S. § 23–1042, which is ambiguous in that it fails to state "when" the compensation is payable, or if not ambiguous, then the award would only become final at some future date when petitioner's injury was found by the Commission to be stationary, which has not as yet occurred.

A.R.S. § 23–1042 reads as follows:

"If it is established by competent evidence that an injured employee is under twenty-one years of age and his incapacity is permanent, his average monthly earning capacity shall be deemed, *within the limits fixed by §§ 23–1041* and 23–1046, to be the monthly amount which under ordinary circumstances he would probably be able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury, or in any occupation to which he would reasonably have been promoted if he had not been injured. If the probable earnings at the age of twenty-one years cannot be reasonably determined, his average earnings shall be based upon four dollars per day for a six-day week." (Emphasis added)

The applicable part of A.R.S. § 23–1041, subsec. A reads:

"A. Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chapter *on the basis of such employee's average monthly wage at the time of injury.*" (Emphasis added)

Respondent-Commission's Findings 3, 4 and 5 of the award of April 24, 1970, are as follows:

"3. That applicant's incapacity as a result of said injury is of a permanent nature and he is therefore entitled to compensation from and after February 5, 1967 based upon the wage which under ordinary circumstances he probably would have been able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury, or in any occupation to which he reasonably would have been promoted if he had not been injured.

4. That under ordinary circumstances applicant probably would have been able to earn the sum of $455.17 per month in the employment in which he was employed at the time of injury if he had not been injured, as an adult.

5. That applicant is entitled to compensation from and after February 5, 1967 based upon an average monthly wage of $455.17."

These findings meet the two statutory pre-conditions to the applicability of A.R.S. § 23–1042, minority and permanent inca-

pacity. The only question remaining, as respondent states it, is "when" or from what date is the compensation to be paid?

It goes without saying that the intention of the legislature as expressed in the foregoing statutes controls our construction of them, Industrial Commission v. Harbor Insurance Co., 104 Ariz. 73, 449 P.2d 1 (1968); that statutes in *pari materia* must be construed to give harmony and effect to all such statutes if possible, State ex rel. Larson v. Farley, 106 Ariz. 119, 471 P.2d 731 (1970); Desert Waters, Inc. v. Superior Court, 91 Ariz. 163, 370 P.2d 652 (1962); and that the provisions of a special statute govern over those of a general statute. Desert Waters, Inc. v. Superior Court, *supra*.

Section 23–1041, subsec. A was enacted into law in 1925 (§ 70, Chapter 83, L. 25) in exactly the same form it is today. It constituted a part of our original comprehensive Workmen's Compensation Act. In the original legislation no provision was made for the special treatment of minors injured within the course of their employment nor was a different method provided for calculating their average monthly wage. Their claims were handled on the same basis as adults. See S. H. Kress & Co. v. Superior Court, 66 Ariz. 67, 182 P.2d 931 (1947). This situation continued until 1949 when the legislature enacted Chapter 74, Laws of 1949, entitled,

> "*Relating to Workmen's Compensation; Providing for the Determination of the Earning Capacity of Minors, and Amending Article 9, Chapter 56, Arizona Code of 1939, by adding Section 56– 952(a).*"

This Act is A.R.S. § 23–1042, set out in full above. Although the title is much broader than the provisions of the Act itself, it is clear to me that the legislature intended to enact a special Act which relates solely to a situation where a *minor* is *permanently incapacitated* in the course of his employment. When these two facts occur, the minor's average monthly earning capacity, " * * * shall be deemed,

within the limits fixed by §§ 23–1041 and 23–1046 (death benefits). * * *" to be computed on the basis that he would "probably be able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury." The limits fixed by A.R.S. § 23–1041, *supra*, I believe, refer to the "when" that respondent says is lacking in A.R.S. § 23–1042, that is, the minor shall receive his compensation based upon the A.R.S. § 23–1042 special definition of average monthly wage applicable to permanently incapacitated minors at the time of injury, which is one of the limits fixed by A.R.S. § 23–1041, subsec. A. A.R.S. § 23–1041 makes no reference to a twenty-first birthday, other than subparagraph (F) which provides:

> "Prior to determination of average monthly wage, compensation shall be paid on a basis of a minimum monthly wage of two hundred dollars for employees twenty-one years of age or over."

This subsection merely highlights the fact that minors and adults are treated by the law on a different basis or as a different class, but it cannot be said to support the Commission's conclusion in any regard.

The only Arizona case involving the construction of A.R.S. § 23–1042 is Herman v. Industrial Commission, 100 Ariz. 312, 414 P.2d 134 (1966). Counsel for both sides of this appeal cite it in support of their respective contentions. However, the only question before the Supreme Court in Herman was, " * * * whether a minor claimant may seek to have an award reopened after he has reached majority where the Commission failed to consider A.R.S. § 23–1042 in computing the amount of compensation to which claimant is entitled." The Supreme Court held that § 23–1042 was *mandatory* upon the Commission in a situation involving a minor; and that where the Commission failed to use the applicable statute § 23–1042 in computing the award, the minor experienced a "changed condition" at his twenty-first birthday which permitted him to petition to reopen the award and the Commission was re-

**400**

quired as a mandatory duty to adjust the award to the proper statutory basis. Herman does not discuss the specific question before this Court. However, it does discuss the nature of § 23–1042, in these words:

> "The legislature, by enacting A.R.S. § 23–1042, recognized that a minor claimant undergoes a 'change of condition' between the time of the award and the date he reaches majority, and by virtue of this statute it is mandatory upon the Commission to determine the extent to which a particular minor claimant will undergo such a change of conditions, and reflect this determination in its initial award." 100 Ariz. at 315, 316, 414 P.2d at 136.

Herman merely confirms my statutory analysis set out above.

Other jurisdictions with similar statutes have recognized that a minor is in a different position than an adult worker, and have provided that their respective commissions *may* consider the minor's future earning capacity in determining the award, and apply it from the time of the injury. Arizona's mandatory statute is unique in this respect. (e. g., Stauble v. Freeman Publishing Co., 6 A.D.2d 946, 175 N.Y.S.2d 730 (1958); Harmon's Texaco Service Station v. Kessinger, Okl., 365 P.2d 131 (1961); Greenfield v. Industrial Accident Board, 133 Mont. 136, 320 P.2d 1000 (1958)); *see also* 2 Larson, Workmen's Compensation Law, p. 59 § 57.33 (1970).

The respondent-Commission's question relating to the ambiguity results from the same myopia its position in Herman did. In Herman the Commission simply ignored § 23–1042; in the case at bar it views it through § 23–1041, or the general statute as controlling the special statute, rather than the other way around. It is my opinion that the provisions of § 23–1042 are clear and not ambiguous and that they require the Commission's award to be based on the date of the minor's injury.