499 P.2d 106

**Haskell BEASLEY, Jr., Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Gilbert R. Rogers and Lee Roy Rogers (Rogers Farms), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 10696–PR.**

Supreme Court of Arizona, In Banc.

July 12, 1972.

Rehearing Denied Sept. 12, 1972.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Ronald M. Meitz, Phoenix, for respondent carrier.

LOCKWOOD, Justice:

This matter is before us on a petition for review of a decision of the Court of Appeals setting aside the award of the Industrial Commission. Opinion of the Court of Appeals, 15 Ariz.App. 394, 489 P.2d 57 (1971), vacated.

Petitioner, Haskell Beasley, Jr., a farm employee, was accidentally shot in the neck while driving a farm machine. The injury caused him to fall into the machine that he was driving. As a result of the accident both of his legs were paralyzed and his arm was amputated. The Commission awarded him temporary total disability at that time. Six years later, on August 19, 1969, when petitioner was twenty-three years of age, the Commission declared petitioner to be permanently and totally disabled, and awarded compensation on the basis of the amount of his probable earnings at the age of twenty-one. Payments were made retroactive to his twenty-first birthday.

The petitioner contested the award by regular certiorari, arguing that payments should have been made retroactive to the date of the injury. Resolution of the question involves interpretation of A.R.S. § 23–1042, which provides:

"If it is established by competent evidence that an injured employee is *under twenty-one years of age and his incapacity is permanent*, his average monthly earning capacity shall be deemed, within the limits fixed by §§ 23–1041 and 23–1046, to be the monthly amount which under ordinary circumstances he would probably be able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury, or in any occupation to which he would reasonably have been promoted if he had not been injured. If the probable earnings at the age of twenty-one years cannot be reasonably determined, his

average earnings shall be based upon four dollars per day for a six-day week."

(Emphasis added.)

This statute, which is similar or identical to statutes in a few other states,[1] was enacted to compel the Commission to adjust the compensation of a person who was injured under the age of twenty-one to reflect what he would probably have earned as an adult at age 21. It establishes an exception to the ordinarily applied computation basis set forth in A.R.S. § 23–1041. That statute computes compensation on the basis of the employee's average monthly wage at the time of the injury. It is clear that:

> "[t]he legislature, by enacting A.R.S. § 23–1042, recognized that a minor claimant undergoes a 'change of condition' between the time of the award and the date he reaches majority, and by virtue of this statute it is mandatory upon the Commission to determine the extent to which a particular minor claimant will undergo such a change of conditions, and reflect this determination in its initial award." Herman v. Industrial Comm'n., 100 Ariz. 312, 315–316, 414 P.2d 134, 136 (1966).

The issue for determination in this appeal is at what point must the adjusted compensation be paid. As suggested by the respondent, Industrial Commission, the alternatives are that payment may be paid (1) retroactively to the date of the injury, (2) at the time when permanency is determined or (3) at the time the minor reaches the age of twenty-one. The statute does not address itself to the specific question to be decided nor have we been able to find a decision on the question in other jurisdictions having statutes similar to ours. Therefore, we must resort to the fundamental principles of interpretation of workman's compensation statutes and sound reasoning to reach our conclusion.

■ One rule which this Court has steadfastly observed is that workman's compensation statutes must be given a liberal interpretation in favor of the employee. In Bonnin v. Industrial Comm'n., 6 Ariz.App. 317, 320, 432 P.2d 283, 286 (1967) the court said:

> " 'It has been repeatedly held that the [Workmen's Compensation] Act should receive a liberal interpretation in favor of the employee. Where there is a doubt as to the construction, that construction should be adopted which will best effect its purpose of compensating the injured employee for his loss of earning power.' "

See also Reed v. Industrial Comm'n., 104 Ariz. 412, 454 P.2d 157 (1969); Mountain States Tel. & Tel. Co. v. Industrial Comm'n., 96 Ariz. 72, 392 P.2d 28 (1964).

■ The express wording of the statute requires that as a condition precedent to the application of the statute, permanency first be determined. We believe that it was intended by § 23–1042 that compensation should be paid retroactive to the date of the injury, after permanency is determined.

■ It is argued that payment retroactive to the date of injury will in some cases permit payment based upon the twenty-one year computation when the injury was only in a temporary status. We see no reason for distinguishing between a state of temporary disability and a state of permanent disability in this particular case. Our decision is based upon the fact that in computing compensation for adults there is no such distinction: regardless of whether the injury is permanent or temporary, computation is *always* based upon the employee's average monthly wage at the time of injury. Section 23–1042 obviously was intended to eliminate to some extent the disparity in earning capacity of a young person under 21 years and that of an adult over 21.

---

1. *See, e. g.,* Cal. Labor Code § 4455 (West Supp. 1972); N.Y. Workmen's Compensation Law § 14(5) (McKinney's Consol. Laws, c. 67, 1965); Okla.Stat.Ann.Tit. 85 § 21(5); Vernon's Ann.Tex.Rev.Civ. Stat. Art. 8306 § 12i.

·We note that the administration of the award when payments are required to be made retroactive to the date of injury, is made with ease. · Were we to decide that the determination of permanency was the point when payment would be made, we would necessarily be consigned in many cases to grappling with the question of whether the Industrial Commission had made its determination of permanency within a sufficiently reasonable time.

The opinion of the Court of Appeals is vacated and the award of the Commission is set aside.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.