508 P.2d 1168

**HARDWARE MUTUAL CASUALTY CO. and Home-A-Day Construction Company, Petitioners,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Martin D. Collins, Respondent Employee.**

**No. I CA–IC 718.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 19, 1973.

Rehearing Denied May 14, 1973.

Review Denied June 26, 1973.

Strong & Pugh, by William K. Strong, Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Lawrence Ollason, Tucson, for respondent employee.

EUBANK, Presiding Judge.

This review by our writ of certiorari primarily questions whether the determination of a minor's average monthly wage became *res judicata*, whether the evidence supports the Findings, and whether a request for a continuance was properly denied.

The respondent employee was employed by one of the petitioners, Home-A-Day Construction Co., as a roofer at Lake Havasu City. He was 17 years old at the time. On March 28, 1969, while in the course of his employment working on a roof, he stepped on a scaffolding which "flipped" and caused him to fall from the roof to the ground where he landed on his heels and then his backside. As a result of this fall his back was injured.

■ The petitioner's first question for review is whether "a minor claimant's average monthly wage, with respect to which no petition for hearing is filed, [is] *res judicata* until he reaches 21 years of age?" Petitioner answers this question in the affirmative and we agree. *See* Herman v. Industrial Commission, 100 Ariz. 312, 414 P.2d 134 (1966). However, this does not really answer the question *sub judice* because, as respondent employee points out, there is nothing in the record to show that the Commission complied with A.R.S. § 23–1061, subsec. F, and made "its own independent determination of the average monthly wage pursuant to § 23–1041." In Pinkerton v. Industrial Commis-

sion, 15 Ariz.App. 275, 488 P.2d 480 (1971), we had a fact situation where both the insurance carrier's "Notice of Claim Status" and the Commission's independent determination of average monthly wage ("Notice of Average Monthly Wage" form) contained the same error and we held that the failure of the petitioner to make application for hearing within 60 days resulted in a final award which was *res judicata* on that issue. However, the failure of the Commission to act in the instant case until the May 13, 1971 Award, in our opinion, left the average monthly wage an open question, irrespective of the hearing officer's unsupported Finding (10)(e) in the October 27, 1970 Award establishing the average monthly wage at $434.

The fact that respondent employee was a minor, "sui juris under our workmen's compensation act", Herman v. Industrial Commission, supra, 100 Ariz. at 315, 414 P.2d at 136, whose average monthly wage is determined under A.R.S. § 23–1042, does not exempt the Commission from complying with A.R.S. § 23–1061, subsec. F. *Cf.* Beasley v. Industrial Commission, 108 Ariz. 391, 499 P.2d 106 (1972), which vacated our opinion at 15 Ariz.App. 394, 489 P.2d 57 (1971). Consequently, the wage determination did not become final or *res judicata*.

Petitioner next contends that "the evidence does not support Findings 9 and 10(d) and (e) and Award Paragraph 3" of the May 13, 1971 Award, to the effect that respondent employee would probably be able to earn $1000 or more each month at age 21. The Findings read as follows:

"(9) That from and after February 26, 1970 as a result of the said accident applicant has sustained a 60.58% reduction in earning capacity and is entitled to an award of $333.19 per month until further order of the Commission pursuant to the provisions of A.R.S. 23–1044, [subsecs.] C and D."

* * * * * *

"[10] (d) Pursuant to the Herman decision, supra, and A.R.S. 23–1042, if an injured employee is under 21 years and his incapacity is permanent, his average monthly wage shall be deemed to be the monthly amount which under ordinary circumstances he probably would be able to earn at 21 years in the occupation in which he was employed at the time of injury. The only available information indicates that applicant was a proficient roofer, despite his youth at the time of his injury March 28, 1969, and it is reasonable to assume that he would have been able to earn the going wage for adults at the age of 21 if he had not sustained injuries."

"[10] (e) The testimony of Don Huton, part owner of the Savage Home Repair Company, an expert in the roofing business in the area where applicant was injured, indicates that the average monthly wage of a non-union journeyman roofer is $7.00 per hour,[1] which would result in a monthly wage of more than the maximum allowable $1,000.00 under A.R.S. 23–1044, [subsec.] E, without including overtime. An apprentice worker is paid $5.00 per hour or approximately $953.26 per month, but an apprentice is one who is completely inexperienced as a roofer, and the evidence has established that applicant's proficiency was considerably beyond this status."

The Award number (3) of the May 13, 1971 Award grants the respondent employee $333.19 each month for his permanent partial disability benefits from February 26, 1970.

Petitioner argues that "A.R.S. § 23–1042 incorporates the *limits* of § 23–1041 in determining the hypothetical average monthly wage at age 21." (Emphasis added). Furthermore, the "limits" referred to in § 23–1042 include the geographical factor for the determination of average monthly wage of temporary employees contained in § 23–

---

1. Clerical error corrected by a *nunc pro tunc* order dated July 29, 1971, to read: the hourly wage of a non-union journeyman roofer is $7.00 per hour."

, subsec. B which relates to finding an average monthly wage for an employee not employed continuously for a period of 30 days preceding the injury. Consequently, petitioner argues, the evidence of what a 21 year old union roofer would earn per hour in Blythe, California, was not relevant to establish what a 21 year old non-union roofer could earn at Lake Havasu City, since the evidence does not relate to the wage in the same or neighboring locality."

Respondent employee argues that Lake Havasu City and Blythe are neighboring localities on the Colorado River within the limits of A.R.S. § 23–1041, subsec. B and therefore the evidence is sufficient and proper.

In our opinion both arguments miss the mark. A.R.S. § 23–1042 is a special law relating to injured minors and it provides a specific basis for the determination of a minor's average monthly earning capacity which is different from that provided by A.R.S. § 23–1041, subsec. B. It provides that the average monthly earning capacity is, ". . . the monthly amount which under ordinary circumstances he would probably be able to earn at the age of twenty-one years in the occupation in which he was employed at the time of injury. . . ." *See* both our opinion and that of the Supreme Court in Beasley v. Industrial Commission, supra.

■■ We believe that A.R.S. § 23–1042 requires the application of a standard of reasonableness with regard to the geographical area considered since such limitation is implicit in the statute. A.R.S. § 23–1042 is not as restrictive as is the § 23–1041, subsec. B formula of "in the same or neighboring locality"; and although evidence based on the § 23–1041, subsec. B formula would not be objectionable in a § 23–1042 case, evidence of a broader geographical area might be proper under the circumstances of a § 23–1042 case. In any event, we believe that the evidence relating to the geographic area is sufficient, proper and reasonable in this case under either formula since there are comparable aspects between the labor market in Lake Havasu City, Arizona, and Blythe, California, and there is no contrary evidence in the record.

The record shows that the Commission's Findings are reasonably supported by the evidence on the basis of A.R.S. § 23–1042.

■ In relation to the same question, petitioner points out that the hearing officer erred in calculating compensation in the sum of $333.19 in Finding 9 when it should have been $333.04. Respondent employee answers that this is *de minimis non curat lex* and we agree.

Petitioner's last question alleges that the hearing officer abused his discretion by not granting it a further hearing. Most of the facts purporting to support this argument cannot be found in the record and therefore must be rejected by this Court on review. In the main, however, petitioner alleges that he complied with Rule 56, Rules of Procedure before The Industrial Commission, which reads as follows:

"(a) The granting of a continuance of a hearing shall be discretionary with the presiding hearing officer.

"(b) If at the conclusion of a hearing held before a hearing officer, any interested party desires a further hearing for the purpose of introducing further evidence, the party shall state specifically and in detail the nature and substance of the evidence desired to be produced, the names and addresses of the witnesses and the reason why the party was unable to produce such evidence and such witnesses at the time of the hearing. If it appears to the presiding hearing officer that with the exercise of due diligence, such evidence or witness could have been produced, or that such evidence or testimony would be cumulative, immaterial or unnecessary, he may deny the request for a continued hearing. He may, on his own motion, continue a hearing and order such further examinations or investigations as, in his discretion, appear warranted."

Our review of the record shows that the petitioner failed to comply with this rule. Therefore, it is our opinion that the hearing officer did not abuse his discretion in refusing to grant a continuance.

Award affirmed.

JACOBSON, Chief Judge, Division 1, and HAIRE, J., concur.