484 P.2d 207

Manuela **BALLESTEROS**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, et al., Respondents,

El Zarape Tortilla Factory and Mexican Delicatessen, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 566.

Court of Appeals of Arizona, Division 1.

May 6, 1971.

Gilbert Gonzalez and Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Phoenix, for Industrial Commission.

Robert K. Park, Phoenix, Chief Counsel, State Compensation Fund, by Miss Dee-Dee Samet, Tucson, for respondent carrier, State Compensation Fund.

HATHAWAY, Judge.

This appellate review is the result of denial by the Industrial Commission of Arizona of petitioner's claim for compensation for injuries suffered as a result of

an accident allegedly occurring while petitioner was working at El Zarape Tortilla Factory. The referee found that petitioner did not sustain her burden of proving that there was an accident and the Industrial Commission on appeal concurred with the referee's finding.

 Petitioner claims that the decision is not supported by the evidence and that she had sustained her burden of proof. As a reviewing court we cannot weigh the evidence and must consider it in a light most favorable to sustaining the decision of the commission. Malinski v. Industrial Comm., 103 Ariz. 213, 439 P.2d 485 (1968). There were no witnesses to petitioner's accident, and the referee had only petitioner's testimony concerning the occurrence of the accident. Petitioner testified that she had reported the accident to three different people on the day of the accident. Two of these people denied that she reported it to them at that time while the third, who has been a friend of petitioner since 1961, corroborated this testimony. There was additional testimony by petitioner that she had had two prior accidents at work each of which was observed by a fellow employee. Both of these employees denied ever seeing petitioner involved in an accident at work. Finally, petitioner said that she couldn't and hadn't worked since quitting her job at El Zarape. Subsequently, in cross-examination, she admitted that she had worked at a restaurant after quitting her job at El Zarape.

It is clear from the record that the referee did not believe petitioner's testimony and felt that it was untrustworthy. Since the referee is the sole judge of the credibility of the witnesses appearing before him, the award is affirmed. Vol. 100 C.J.S. Workmen's Compensation § 547(9); Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997 (1952).

HOWARD, J., and ALICE TRUMAN, Superior Court Judge, concur.

NOTES: Chief Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.

This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.