529 P.2d 1181

**Melisendro CHAVEZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Christy Construction Company, Respondent Employer,**

**Employers Mutual Liability Insurance Co. of Wisconsin, Respondent Carrier.**

**No. 11589–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 31, 1974.

Rabinovitz & Minker by Bernard I. Rabinovitz, Tucson, for petitioner.

William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Shimmel, Hill & Bishop by Merton E. Marks, J. Russell Skelton, Phoenix, for respondents employer and carrier.

STRUCKMEYER, Justice.

This appeal is by certiorari to review an award of the Industrial Commission approving the decision of a hearing officer. The Court of Appeals, Chavez v. Industrial Commission, 21 Ariz.App. 501, 520 P.2d 1178 (1974), affirmed the award. We accepted review. Decision of the Court of Appeals vacated and the award of the Industrial Commission set aside.

The first of the two questions presented is whether the award to petitioner for temporary disability is reasonably supported by the evidence. As to this, we accept the opinion of the Court of Appeals that it is, and therefore adopt its views as a part of this decision.

The second question, we think requires that the award of the Commission be set aside.

The dispositive facts controlling the second question disclose that the Employers Mutual Liability Insurance Company of Wisconsin, the insurance carrier, erroneously determined that petitioner's average monthly wage was $438.78. On August 19, 1971 this determination was mailed to petitioner upon the printed form customarily used by the Industrial Commission, together with a copy of the "Average Monthly Wage" calculation upon which the determination was based. The determination reads, "AVERAGE MONTHLY WAGE as determined by the Carrier $438.78 approved."

By statute, A.R.S. § 23–947, petitioner is allowed 60 days after the mailing of such notice within which to request a hearing. Petitioner did not request a hearing until December 2, 1971, at which time through an attorney he objected to the average monthly wage determination as being "incorrect and based upon an obvious mistake." Petitioner's request for hearing was 46 days after the expiration of the 60-day period provided by law.

At the hearing, the bookkeeper for the respondent insurance carrier said that through a mistake she had sent in to the carrier incorrect total wages earned by petitioner. She testified that petitioner had actually earned $6,748.37 instead of $4,299 as the amount upon which petitioner's average monthly wage should have been computed.

Petitioner testified in response to questions by his attorney:

"Q. Mr. Chavez—

A. Yes, sir.

Q. With reference to this wage, this Notice of Claim Status rather, that was issued on August 19, 1971, according to the Industrial Commission file, you came in to see me, according to my file of records—and tell me if I am correct—on November 30th, 1971.

A. Yes.

Q. The first time; is that correct?

A. Yes, sir.

Q. All right. And to this day, Mr. Chavez, do you understand that this Notice of Claim Status issued by the Industrial Commission, Notice of Average Monthly Wage rather, on August 19, 1971, indicated that they had determined the amount you were making per month while working for Christy Construction was $438.76? Did you ever understand that Notice to mean that?

A. No, sir.

Q. And your only understanding of it and the wording of it was that this was the amount they were going to pay you on compensation; is that right?

A. Yes, sir.

Q. How much formal education have you had?

A. I went to the sixth grade.

Q. Okay. Was that here in Tucson?

A. No, that was in New Mexico."

We think the uncontradicted testimony establishes as a matter of law that the Industrial Commission erred in its decision upon review in affirming the findings and award of the average monthly wage of the hearing officer.

On February 9, 1972, we decided the case of Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972). Today we decided Janis v. Industrial Commission, 111 Ariz. 362, 529 P.2d 1179 (1974), a case of a delay of eight days in which we followed the holding in Parsons, pointing out that if a claimant appears to have a meritorious position and the facts do not establish excessive delay and the delay would not in some way prejudice the insurance carrier, the interests of justice require that the Commission waive the untimeliness of the filing.

It is apparent from what we said in Janis that short delays are the least important aspect of this test. What is important is that the facts appear to warrant relief

and that the delay is not unfair in its consequences to the carrier in that the carrier was not in some way damaged to his prejudice.

 In the instant case, it is apparent that the error in the computation of petitioner's average monthly wage occurred through a mistake of an employee of the insurance carrier, and that the notice was understood by petitioner, a person of little formal education, to mean that $438.76 was the amount which he would receive as his monthly wage while disabled. We hold that petitioner made a sufficient showing to be relieved of his failure to timely file for a hearing on the question of his average monthly wage.

The award of the Industrial Commission is ordered set aside.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.