**529 P.2d 1179**
**James L. E. JANIS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**J. W. J. Contracting Company, Respondent Employer,**

**The Home Insurance Company, Respondent Carrier.**

**No. 11601–PR.**

Supreme Court of Arizona,
In Banc.
Dec. 31, 1974.
Rehearing Denied Jan. 28, 1975.

Rabinovitz & Minker by Bernard I. Rabinovitz, Tucson, for petitioner.

William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Everett, Bury & Moeller by J. Michael Moeller, Tucson, for respondents employer and carrier.

STRUCKMEYER, Justice.

This proceeding by writ of certiorari is to review an order of the Industrial Commission dismissing a petition for review by James L. E. Janis for the reason that it was not timely filed. The Court of Appeals affirmed. We accepted review. Opinion of the Court of Appeals, 21 Ariz. App. 547, 521 P.2d 1005 (1974), vacated and the order of the Commission dismissing Janis' petition for review for lack of jurisdiction is set aside.

The facts necessary to decide this matter establish that petitioner Janis had an industrial related injury which was accepted as compensable by the Industrial Commission of Arizona. On September 22, 1972, a hearing officer found that certain of the petitioner's claimed injuries were not compensable and an award to that effect was entered and mailed to Janis on the same day.

By A.R.S. § 23–942(D), an award is final when entered unless within 30 days after the date on which a copy of the award is mailed to the parties one of the parties files a request for review. Janis twice communicated with the Home Insurance Company, the insurance carrier, relating to certain aspects of the award, within the 30-day period, but did not file a protest until October 30, 1972, which, it is to be noticed, was eight days beyond the 30 days provided by the statute. The Industrial Commission treated petitioner's letter of protest as a petition for review and found that "the PETITION FOR REVIEW was not timely filed and, therefore, the Commission lacks jurisdiction to grant review." and ordered that it be "dismissed for lack of jurisdiction." In this, the Commission palpably erred.

More than two years prior to the Industrial Commission's order of dismissal, in a unanimous decision of this Court authored by Chief Justice Hays, we decided Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972). There we stated that the question before the court was whether Parsons' failure to request a hearing within the time limit provided by the statute, §

23–947, deprived the Commission of jurisdiction to determine the matter. We said that we were aware that in the past this Court had held that a failure to timely file after determination of an award deprives the Industrial Commission of jurisdiction, citing to the numerous decisions so holding. We then said:

"* * * we consider it appropriate to recede from that position."

Parsons was a case in which the claimant's lack of knowledge of his physical condition led him to defer the filing of his request for a hearing beyond the time fixed by statute. We did not in any way limit our holding to the fact situation peculiar to that case. Our holding there was plainly applicable to all situations where a claimant protests, seeks a review, rehearing or reconsideration of any order or award.

However, we recognized in Parsons that there must ultimately be finality to the prosecution of all claims and laid down these principles as controlling:

"When the facts appear to warrant relief, as here, and the delay is neither excessive nor unfair in its consequences to the carrier, the Commission in the interest of justice may waive the untimeliness of the filing." 108 Ariz. at 132, 493 P. 2d at 915.

The test is that if a claimant appears to have a meritorious position and the facts do not establish an excessive delay and the delay, itself, does not in some way prejudice the insurance carrier, the interests of justice require that the untimeliness of the filing be waived.

Since the Industrial Commission believed it lacked jurisdiction to grant review and therefore failed to consider whether the facts of Janis' case warranted relief and did not consider whether the delay was excessive or unfair in its consequences to the insurance carrier, the award of the Industrial Commission is set aside.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.