532 P.2d 196

**Forrest G. JUDD, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Cochise County Highway Department, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 1033.**

Court of Appeals of Arizona, Division 1, Department B.

March 4, 1975.

Rehearing Denied April 7, 1975.

Rabinovitz & Minker, P. C., by Bernard I. Rabinovitz, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, Phoenix, by Dee-Dee Samet, Tucson, for respondents employer and carrier.

## OPINION

JACOBSON, Presiding Judge.

This review of an award of the Industrial Commission basically involves a determination of the effect of a failure to seek review of an award of the hearing officer.

While the procedural maneuvering of both the claimant and the Fund in this case is interesting, the basic operative procedural facts, upon which the matter must be decided, are that on August 31, 1972, Hearing Officer Frank W. Ellig entered an award finding that the claimant's back problems were unrelated to his injury. In the words of Hearing Officer Lawrence H. Lieberman, the following then transpired:

"12. That on August 1, 1972, after the first three hearings and before Hearing Officer Ellig had issued his Award, the insurance carrier issued a Notice of Claim Status and a Notice of Permanent Disability Benefits which terminated compensation and medical benefits as of June 7, 1972 and provided for compensation for a permanent partial disability for a twenty percent (20%) functional loss of the right arm; that on August 25, 1972 the applicant filed a Request for Hearing alleging that the applicant was in need of additional treatment and that he had an unscheduled disability; that the issues properly before the undersigned Hearing Officer at the hearing

held on January 31, 1973 was the propriety of the foregoing Notices of August 1, 1972.

"13. That on October 30, 1972 the applicant filed a Petition to Reopen Claim; on November 9, 1972 the insurance carrier issued a Notice of Claim Status denying reopening and on November 24, 1972 the applicant filed a Request for Hearing.

"14. The question of whether the applicant was entitled to additional medical benefits and temporary compensation as of October 30, 1972 was properly before the Commission since the Notice of Claim Status of August 1, 1972 which purported to terminate such benefits did not become final by reason of the Request for Hearing filed by the applicant on August 25, 1972. Russell v. Industrial Commission of Arizona, 104 Ariz. 548, 456 P.2d 918 (1969). The Petition to Reopen Claim filed on October 30, 1972 was void and without legal effect since the issues it attempted to raise were already before the Commission. Accordingly, the Petition to Reopen of October 30, 1972, the Notice denying reopening of November 9, 1972 and the Request for Hearing filed by the applicant on November 24, 1972 are all hereby dismissed.

&ast; &ast; &ast; &ast; &ast; &ast;

"16. However, on February 20, 1973 the insurance carrier, apparently on its own motion, issued a Notice of Claim Status which provided temporary compensation and medical benefits through January 31, 1973 and a Notice of Permanent Disability Benefits which provided for compensation for a twenty percent (20%) functional loss of the right (major) arm. On February 27, 1973 the applicant filed a Request for Hearing with respect to the foregoing Notices.

"17. After reading the Motion for Reconsideration filed by the applicant on April 30, 1973 it is apparent that the applicant did not appreciate the fact that the question of the nature and extent of his permanent disability would be litigat-

ed at the hearing held on January 31, 1973. Moreover, when considering the multiple Notices of Claim Status, Petitions to Reopen, Notices of Permanent Disability Benefits, etc., that have been issued in this claim, applicant's confusion is readily understandable. See: Best v. Industrial Commission of Arizona, 14 Ariz.App. 221, 482 P.2d 470 (1971). Accordingly, applicant,is entitled to a further hearing with respect to the issue raised by the Request for Hearing filed on February 27, 1973, excluding specifically the question of whether his low back condition is related to the industrial injury. See: Findings numbered 9, 10, and 11, infra."

■ The court adopts both the procedural findings and the conclusions of Hearing Officer Lieberman as set forth above. In addition, Hearing Officer Lieberman made these findings and conclusions:

"7. That a review of the transcripts of hearings held before Hearing Officer Frank W. Ellig on January 10, 1972, February 10, 1972 and May 15, 1972 clearly indicates that one of the issues litigated was the question of the relationship of applicant's low back symptoms and problems to the industrial injuries of December 30, 1969 and February 26, 1970.

"8. That on August 31, 1972 this Commission, through Hearing Officer Frank W. Ellig, issued 'Decision Upon Hearing and Findings and Award for Compensable Claim.' This Award meticulously traced applicant's history of complaints and medical treatment and concluded, in part, 'that it is not established that the applicant sustained a low back condition related to the industrial episodes in question.' (Finding No. 14.)

"9. The foregoing Award of August 31, 1972 became final and res judicata; accordingly, the question of the relationship of applicant's low back problems to the industrial episodes of December 30, 1969 and February 26, 1970 has been thoroughly litigated and determined ad-

versely to the applicant and this determination has become final and res judicata. Holland v. Industrial Commission of Arizona, 78 Ariz. 16, 274 P.2d 836 (1954); Talley v. Industrial Commission of Arizona, 105 Ariz. 162, 461 P.2d 83 (1969).

"10. That once a question has been litigated by this Commission a party cannot be permitted to litigate the question again to the harassment and vexation of the opponent. Lauderdale v. Industrial Commission of Arizona, 60 Ariz. 443, 139 P.2d 449 (1943)."

This court has likewise reviewed the hearings conducted by Hearing Officer Ellig and concludes, as did Hearing Officer Lieberman, that the issue of the causal relationship between the petitioner's low back problem and his industrial injuries was fully litigated and decided adversely to the petitioner in an award which he did not formally seek to have reviewed. Based upon the law as it existed at the time Hearing Officer Lieberman's award was entered in this matter we would have no hesitancy in affirming that award based upon the established principles of res judicata.

However, on December 31, 1974, the Supreme Court entered its decisions in the cases of Janis v. Industrial Commission, 111 Ariz. 362, 529 P.2d 1179 (1974) and Chavez v. Industrial Commission, 111 Ariz. 364, 529 P.2d 1181 (1974) which, in our opinion, cast serious doubt on the applicability of the principle of res judicata (finality of decision) to workmen's compensation matters.

*Janis* dealt with an award of the hearing officer and the failure of the aggrieved claimant to seek review of the same within the statutory time of 30 days (A.R.S. § 23–942(D)(Supp.1974) ). The court, in finding that the award of the hearing officer was not final stated:

"More than two years prior to the Industrial Commission's order of dismissal,

in an unanimous decision of this Court authored by Chief Justice Hays, we decided Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972). There we stated that the question before the court was whether Parsons' failure to request a hearing within the time limit provided by the statute, § 23–947, deprived the Commission of jurisdiction to determine the matter. We said that we were aware that in the past this Court had held that a failure to timely file after determination of an award deprives the Industrial Commission of jurisdiction, citing to the numerous decisions so holding. We then said:

"'* * * we consider it appropriate to recede from that position.'

"Parsons was a case in which the claimant's lack of knowledge of his physical condition led him to defer the filing of his request for a hearing beyond the time fixed by statute. We did not in any way limit our holding to the fact situation peculiar to that case.[1] Our holding there was plainly applicable to all situations where a claimant protests, seeks a review, rehearing or reconsideration of any order or award."

The court then went on to hold that the test of the finality of an award "is that if a claimant appears to have a meritorious position and the facts do not establish an excessive delay and the delay, itself, does not in some way prejudice the insurance carrier, the interests of justice require that the untimeliness of the filing be waived."

The *Chavez* case involved an Industrial Commission determination of the claimant's average monthly wage and the claimant's failure to timely (within 60 days) request a hearing on that determination. Again, the Supreme Court, following its *Janis* decision, held that the failure to timely file a request for hearing on the Commission's determination did not divest the Commission of jurisdiction to hear the

---

1. We assume that this statement has reference to the attempt by this court to limit *Parsons* to its facts. See, e. g., Taylor v. Industrial Commission, 20 Ariz.App. 46, 509 P.2d 1083 (1973).

matter "when the facts appear to warrant relief, as here, and the delay is neither excessive nor unfair in its consequences to the carrier".

In addition, *Chavez* appears to introduce a new element that the Commission must consider in determining whether the claimant should be relieved from the failure to timely file, that is, his subjective interpretation of the award. In *Chavez*, the claimant, "a person of little education," testified that he interpreted the notice of average monthly wage determination to mean that he was to receive as his award the amount stated as his average monthly wage; there is nothing in the opinion to indicate that the notice of average monthly wage determination was itself ambiguous. Thus, the Supreme Court held that the claimant's subjective interpretation, under the circumstances, was "a sufficient showing to be relieved of his failure to timely file for hearing on the question of his average monthly wage."

■ We therefore interpret *Janis* and *Chavez* to mean that awards of hearing officers and the Commission are not final and are not entitled to res judicata effect if:

(1) The party aggrieved by the award subsequently takes some action calling into question the grievous award;

(2) The delay in taking that action is not unfair in its consequences to the other party;

(3) The facts as presented "appear" to warrant relief; and

(4) The circumstances support a showing that the aggrieved party was subjectively misled or misinterpreted the award. We further interpret *Janis* and *Chavez* to mean that the first three of these conditions are mandatory and that the fourth condition may be considered by the Commission in determining whether the delay in seeking relief was justified.

We do not interpret *Janis* and *Chavez* as meaning that awards of the Commission or hearing officers are never entitled to res judicata effect. We make this determina-

tion on the basis that if the Supreme Court is going to take such a drastic step affecting the settled rights of litigants before the Commission, it should do so in plain and unambiguous language. We find no such plain and unambiguous language in either *Janis* or *Chavez*.

■ Applying our interpretation of the legal consequences of *Janis* and *Chavez* in this case, we note the following: The claimant in this case was represented by able counsel throughout the numerous hearings before the Commission; the issues of the relationship of claimant's back problem to his industrial injuries were fully litigated before Hearing Officer Ellig; Hearing Officer Ellig in a formal award held there was no causal connection between claimant's back problem and his industrial injury; the claimant has never sought review of that award; *following* that award claimant sought and was granted a change of hearing officers; claimant attempted before a new hearing officer and with new medical experts to relitigate the issue of the causal connection between his back problem and his industrial injury. In short, we find that claimant has not satisfied the first three conditions of *Janis* and *Chavez* as we interpret those conditions to exist in order to be relieved of the finality of the Ellig award.

As to the fourth condition, claimant argues that because of the multiple notices of claim status issued in this matter, he was misled into believing that the issue of whether his injury should be treated as scheduled (that is, the causal relationship of the back injury to his industrial injury was not final and that, therefore, the prior Ellig award was not res judicata). In this case, claimant, unlike *Chavez*, was represented by counsel, who was hardly a novice in the intricacies of workmen's compensation practice, and we therefore hold that a sufficient showing has not been made to relieve claimant from his failure to seek relief from the Ellig award. We further hold that the Ellig award is res judicata as to the causal relationship between claimant's back problem and his industrial inju-

ries and therefore affirm the award sought to be reviewed here.

We are mindful that we, as an intermediate appellate court, have not in the past been wholly correct in our interpretation of the Supreme Court's pronouncements in the field of res judicata as applied to workmen's compensation cases. By holding, as we do here, that res judicata still exists in workmen's compensation cases, we may again have misinterpreted the Supreme Court. If we have, we do so by paraphrasing United States Supreme Court Justice Jackson[2] in observing that we are an intermediate appellate court, not because we are fallible, but we are fallible only because we are an intermediate appellate court.

Award affirmed.

HAIRE, C. J., Division 1, and EUBANK, J., concur.

---

2. "We are not final because we are infallible, but we are infallible only because we are final." Brown v. Allen, 344 U.S. 443, 540, 73 S.Ct. 397, 427, 97 L.Ed. 469, 533 (1953). (Jackson, J., concurring). (Quoted in Wright, The Doubtful Omniscience of Appellate Courts, 41 Minn.L.Rev. 751, at 782 (1957)).