534 P.2d 304

**COCA–COLA BOTTLING COMPANY OF TUCSON, Petitioner Employer,**

**United States Fidelity & Guaranty Company, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Karl H. Wokatsch, Respondent Employee.**

**No. 1 CA–IC 1099.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 17, 1975.
Rehearing Denied May 7, 1975.
Review Denied June 3, 1975.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for petitioner employer and petitioner carrier.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz. by Greg L. Folger, Phoenix, for respondent.

Lawrence Ollason, Tucson, for respondent employee.

## OPINION

NELSON, Presiding Judge.

This case involves the authority of the Industrial Commission of Arizona upon review of its own awards prior to their becoming final, to alter, amend, or rescind those awards. The statutory basis for a decision upon review is found in A.R.S. § 23–943, and the authority for the review is vested in the presiding hearing officer in each case.[1] A.R.S. § 23–943(E); Koval v.

---

1. § 23–943. Decision upon review

A. The request for review of a hearing officer award need only state that the party requests a review of the award. The request may be accompanied by a memorandum of points and authorities, in which event any other interested party shall have fifteen days from the date of filing in which to respond. Failure to respond will not be deemed an admission against interest.

B. The request for review shall be filed with the hearing officer division and copies of the request shall be mailed to all other parties to the proceeding.

C. When review has been requested, the record of such oral proceedings at the hearings before the hearing officer for purposes of the review shall be transcribed at the expense of the commission.

The Industrial Commission of Arizona, 23 Ariz.App. 277, 532 P.2d 549 (1975) [1975].

Karl H. Wokatsch (Wokatsch) suffered an industrial injury while working for the Coca-Cola Bottling Company (Coca-Cola) in November of 1970. His claim for workmen's compensation was accepted by Coca-Cola's insurance carrier, United States Fidelity and Guaranty Company (U.S.F. & G.) and compensation paid through March 12, 1971, when the claim was closed. On July 1, 1971, Coca-Cola's insurance policy with U.S.F. & G. expired and Coca-Cola switched its workmen's compensation insurance coverage to the State Compensation Fund (S.C.F.).

On September 8, 1972, Wokatsch filed a Petition to Reopen the claim regarding the 1970 injury. On September 15, 1972, U.S.F. & G. denied the petition and on November 2, 1972, Wokatsch filed a petition for a hearing on the denial.

On May 1, 1973, a new claim was filed with the S.C.F. alleging a new injury, but referring to the same condition complained of in the petition to reopen. On May 14, August 17 and September 19, 1973, hearings were held on the denial of Wokatsch's petition to reopen the old claim. In the meantime, S.C.F. denied Wokatsch's new claim but sent notice of that denial only to Coca-Cola and not to Wokatsch or his attorney.

On October 2, 1973, the hearing officer issued his decision denying Wokatsch's petition to reopen. On October 15, 1973, Wokatsch requested review of that decision, pursuant to A.R.S. § 23–943, supra.

On October 19, 1973, Wokatsch filed a supplemental petition for review and a motion to consolidate the petition for reopening and the new claim on the ground that the attorney had only then received notice of the status of the new claim with S.C.F.

On November 27, 1973, the hearing officer, pursuant to A.R.S. § 23–943(F), rescinded the former award denying reopening and remanded the matter for consolidation with the new claim filed with S.C.F. It is from the decision upon review of the hearing officer on November 27, 1973 that U.S.F. & G. has obtained review in this Court by Writ of Certiorari. We affirm the decision of the hearing officer upon review.

The clear import of A.R.S. § 23–943(F) is to give the hearing officer broad powers to review actions at the administrative level. Dickerson v. The Industrial Commission of Arizona, 21 Ariz.App. 125, 516 P. 2d 334 (1973). The reason for such authority becomes very clear in a case such as is before us here. Although the workmen's compensation statutes are designed to provide a simple, no-fault, non-adversary system of compensating workmen injured during the course of their employment, because of the possibilities of multiple or successive injuries, multiple employers, and different insurance carriers, to name a few variables, the process of compensating the injured workman can become very cumbersome and highly complicated. A whole series of cases has recently emerged, attempting to preclude, as much as possible, the frustration of the main purpose of the statutes, the compensation

D. Notice of the review shall be given to the parties by mail.

E. The review shall be made by the presiding hearing officer and shall be based upon the record and the memoranda submitted under the provisions of subsection A of this section.

F. The presiding hearing officer may affirm, reverse, rescind, modify or supplement the award and make such disposition of the case as is determined to be appropriate. A decision upon review shall be made within sixty days after the review has been re-

quested, with preference being given to those cases not receiving compensation.

G. The decision upon review shall become a part of the commission file and a copy thereof sent by mail to the parties.

H. The decision upon review shall be final unless within thirty days after the date of mailing of copies of such decision to the parties, one of the parties applies to the court of appeals for a writ of certiorari pursuant to § 23–951. The decision shall contain a statement explaining the rights of the parties under this section and § 23–951.

of injured workers, by the application of strict technical construction to these statutes: e.g., Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972); Van Horn v. The Industrial Commission of Arizona, 111 Ariz. 86, 523 P.2d 783 (1974) modified on rehearing, 111 Ariz. 237, 527 P.2d 282 (1974); Janis v. The Industrial Commission of Arizona, 111 Ariz. 362, 529 P.2d 1179 (1974); Chavez v. The Industrial Commission of Arizona, 111 Ariz. 364, 529 P.2d 1181 (1974); MRF Construction Company v. The Industrial Commission of Arizona, 111 Ariz. 446, 532 P.2d 528 (1975) [1975]; Cf. Judd v. The Industrial Commission of Arizona, 23 Ariz.App. 254, 532 P.2d 196 (1975) [1975].

It is axiomatic workmen's compensation law that the statutes are to be liberally construed to effect their purpose. Camis v. The Industrial Commission of Arizona, 4 Ariz.App. 312, 420 P.2d 35 (1966). As society in general, and the industrial society in particular, becomes more complex, the probabilities of workmen, admittedly injured in the course of their employment (a fact which we assume in this case at this time, but which we do not reach here, nor preclude from being litigated if it has not been to date), going without compensation as a result of complex litigation between multiple carriers and/or multiple employers over who is responsible for the payment in very real. We have at least two cases, in addition to this one before us now, where such a result is entirely possible.

We can think of no better use of the power of review vested in the hearing officer division of the Industrial Commission of Arizona pursuant to A.R.S. § 23–943 than to sort out the claims and carriers involved with this one workman and one continuous employer. This court is certainly not empowered to do it. Dickerson v. The Industrial Commission of Arizona, supra.

The award is affirmed.

STEVENS and WREN, JJ., concur.