534 P.2d 294

**Elaine D. GUROVICH, widow of Welko W. Gurovich, Deceased, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Department of Corrections, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC II02.**

Court of Appeals of Arizona,
Division 1,
Department C.
April 22, 1975.

Cavness & DeRose by Marc C. Cavness, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona by Richard E. Taylor, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Arthur B. Parsons, Phoenix, for respondent employer and respondent carrier.

OPINION

STEVENS, Judge.

Welko W. Gurovich was an employee of the Department of Corrections. He died on 14 February 1973 while allegedly acting within the course and scope of his employment. Elaine D. Gurovich, his widow, filed her Widow's Claim for Compensation on 28 February 1973. On 3 April 1973, the insurance carrier, by notice of claim status, denied her claim, urging that her husband's death was not caused by his employment activity. On 16 May 1973, she filed a request for a hearing, and hearings were held on 20 and 26 September 1973. On 12 October 1973 the hearing officer issued his decision upon hearing and findings and award for non-compensable claim based on the finding that "the decedent was not in the course and scope of his employment at the time he met his demise  *  *  * ."

On 13 November 1973 the petitioner's request for review was mailed to The Industrial Commission of Arizona which was received and filed on 14 November 1973. The presiding hearing officer accepted re-

view by Notice of Review on the same day. The Notice of Review alerted the carrier so that it could determine the due date of its response. It was not such an action as has finality. The respondent insurance carrier responded by a motion to dismiss. On 30 November 1973, the hearing officer issued his Findings and Order Dismissing Request for Review. This "order" has the status of an "award." The hearing officer, without affording the petitioner the opportunity for an explanation for the delay, held that he was without jurisdiction to grant review because "The Request for Review filed in the applicant's behalf on November 14, 1973 was not timely filed pursuant to the provisions of A.R.S. § 23–942(D) and A.R.S. § 23–943(A) and (B) * * *." Upon a petition, this Court issued a writ of certiorari to review the lawfulness of that holding.

Petitioner alleges that the hearing officer was without authority to enter his findings and order dismissing request for review and that the finding that the decedent was not acting within the course and scope of his employment is not supported by reasonable evidence. This second question is not properly before us, the petitioner's contentions in connection therewith have not been considered on their merits by the hearing officer, and in view of our holding, we do not consider it.

At first glance, the hearing officer correctly applied A.R.S. § 23–942(D). A.R.S. § 23–942(D) was amended, effective 8 August 1973, to state that an award is final unless a request for review is *filed* within thirty days after the date on which a copy of the award is mailed to the parties. Before this amendment became effective, the parties were only required to *mail* the Request for Review before the expiration of the thirty days. Apodaca v. Industrial Commission of Arizona, 108 Ariz. 137, 493 P.2d 1194 (1972).

We have determined that the order dismissing the request for review must be set aside. The hearing officer did not have, but should have an opportunity to reconsider his decision in light of Parsons v. Be-

kins Freight, 108 Ariz. 130, 493 P.2d 913 (1972); Priedigkeit v. Industrial Commission of Arizona, 20 Ariz.App. 594, 514 P.2d 1045 (1973), review denied; Van Horn v. Industrial Commission of Arizona, 111 Ariz. 86, 523 P.2d 783 (1974), and the opinion on rehearing, 111 Ariz. 237, 527 P.2d 282 (1974); Janis v. Industrial Commission of Arizona, 111 Ariz. 362, 529 P.2d 1179 (1974); Chavez v. Industrial Commission of Arizona, 111 Ariz. 364, 529 P.2d 1181 (1974); and Judd v. Industrial Commission of Arizona, 23 Ariz.App. 254, 532 P.2d 196 (1975), together with the showing, if any, by the petitioner of circumstances which might excuse a late filing. The basic thrust of these decisions is that when an aggrieved party in an industrial claim files a document in a technically untimely manner, it is insufficient to simply dismiss the proceeding on the grounds of lack of jurisdiction. The tests promulgated in the above cases should be applied and a determination must be made whether "the interests of justice require that the untimeliness of the filing be waived." Janis v. Industrial Commission of Arizona, supra, 529 P.2d at 1180.

The award is set aside.

NELSON, P. J., and WREN, J., concur.