546 P.2d 346

Nellie A. KLEINSMITH, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Circle K Corporation, Respond-
ent Employer,

Circle K Corporation, Respond-
ent Carrier.

No. 1 CA–IC 1267.

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 24, 1976.

Rehearing Denied March 30, 1976.
Review Granted April 27, 1976.

Davis, Eppstein & Tretschok by Dale D.
Tretschok, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Glen D. Webster, Jr., Phoenix, for respondent carrier.

## OPINION

WREN, Judge.

This review by certiorari raises but one issue: whether the hearing officer erred in refusing to waive the untimeliness of petitioner's request for hearing on a Notice of Claim Status denying her claim. We find that the decision was based on substantial evidence and therefore affirm the award.

On October 1, 1973, petitioner, Nellie A. Kleinsmith, filed a claim with the Industrial Commission alleging that she had suffered a myocardial infarction on March 21, 1973, while in the employ of respondent employer and carrier, Circle K Corporation.

On October 23, 1973, Circle K issued its Notice of Claim Status denying the claim, for the reason that there was "[n]o history of injury by accident arising out of and in the course of employment." The Notice also contained the usual sixty-day clause for filing a request for a hearing protesting the Notice.

Kleinsmith responded to the Notice of Claim Status by writing the carrier to explain why she had delayed filing her claim. No further action was taken by Circle K. On February 1, 1974, Kleinsmith retained counsel and a Request for Hearing directed to the October 23, 1973 Notice of Claim Status was filed on March 6, 1974, 73 days beyond the 60 day limit set by A.R.S. § 23–947, which provides that unless the request is filed within 60 days, "a hearing on any question relating to a claim shall not be granted."

Under the rule of *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972), a hearing was held, confined solely to the issue of the jurisdiction of the Industrial Commission in view of the untime-ly filing. The hearing officer concluded that the Notice of Claim Status had become final, since Kleinsmith had presented no reason for her failure to timely file which would warrant waiving the sixty-day limit, and that the Commission was therefore without jurisdiction to consider the merits of the claim.

Kleinsmith's position on appeal is that the language of *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974) and *Janis v. Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974), modified the *Parsons v. Bekins Freight* rule and requires the Commission to hold a hearing directed toward the merits of the claim where there is an untimely filing and that it was error to limit the issue at the hearing to the reasons for late filing. Kleinsmith argues that even though the Commission found she had failed to show sufficient justification for her delay, the Commission was required to consider the merits of her claim.

The specific test expressed in *Chavez,* supra, is:

> "[I]f a claimant appears to have a *meritorious position* and the facts do not establish excessive delay and the delay would not in some way prejudice the insurance carrier, the interests of justice require that the Commission waive the untimeliness of the filing." (Emphasis added.) 111 Ariz. at 365, 529 P.2d at 1182.

*Chavez* then went on to note that "short delays are the least important aspect of this test. What is important is that the facts appear to warrant relief and that the delay is not unfair in its consequences to the carrier in that the carrier was not in some way damaged to his prejudice." 111 Ariz. at 365, 529 P.2d at 1182.

■ Kleinsmith suggests that the term "meritorious position" means that the merits of the *claim* are a vital consideration in determining whether to waive the untimeliness of the filing. A hearing, therefore,

limited solely to a consideration of a claimant's excuses for late filing is inadequate according to Kleinsmith.

A careful analysis of *Chavez v. Industrial Commission,* supra and *Janis v. Industrial Commission,* supra, persuades this Court that such a requirement was not intended. The term "meritorious position" is directed toward the merits of claimant's reasons for late filing.

In *Janis v. Industrial Commission,* supra, the focus of the Supreme Court was upon the unfairness of inflexible time limits. The Court made clear that the *Parsons* rule was not limited to the factual situation of that case but that the "holding there was plainly applicable to all situations where a claimant protests, seeks a review, rehearing or reconsideration of any order or award." 111 Ariz. at 363, 529 P.2d at 1180. The Industrial Commission award was set aside because the Commission, believing it had no jurisdiction to grant review, failed to consider any of the facts surrounding the late filing. In essence, *Janis* simply applied the same principles of *Parsons* to a request for review of an Industrial Commission award, but did not expand the scope of matters that had to be considered in deciding whether to waive an untimely filing.

In *Chavez v. Industrial Commission,* supra, a request for hearing protesting a determination of Average Monthly Wage was filed 46 days beyond the 60 day time limit set in A.R.S. § 23–947. At the hearing, the bookkeeper for the carrier admitted that she had erroneously computed claimant's average monthly wage using $4,299 as the amount earned rather than the correct amount of $6,748. The claimant testified that he was a man of little education and had understood the Notice of Average Monthly Wage to mean that that was the amount he was to paid for compensation. Based on this evidence, the Su-

preme Court held that the claimant had "made a sufficient showing to be relieved of his failure to timely file." 111 Ariz. at 366, 529 P.2d at 1183.

The issue facing this Court is whether the language in *Chavez,* that the claimant demonstrated a "meritorious position" which warranted waiving the untimely filing, relates to the reasons for late filing or those reasons coupled with at least a prima facie showing of the merits of the claim. We have concluded that a reading of the *Chavez* opinion alone can support either interpretation. However, *Chavez* must be read in conjunction with the earlier *Parsons* decision and with the clear statutory language of A.R.S. § 23–947. When this is done, we are persuaded that no evidentiary hearing on the merits should be required to determine whether the statutory timeliness provisions should be waived.

On the one hand, *Chavez* can be interpreted to mean that the reason the claimant failed to request a hearing within 60 days was because he misunderstood the Notice of Average Monthly Wage. Believing the amount stated was the amount he would be paid, the claimant had no reason to protest. The fact of the miscalculation supported claimant's misunderstanding of the Notice because the amount stated was in fact approximately the amount he would receive on temporary total disability had his Average Monthly Wage been correctly computed.[1] These reasons for the misunderstanding of the Notice demonstrate claimant's meritorious position on the late filing.

On the other hand, the Supreme Court's opinion could be interpreted to mean that along with the circumstances surrounding the late filing, the Commission must, as a threshold matter, also consider the merits of the underlying claim; in *Chavez,* this was the erroneous calculation of Average Monthly Wage.

1. The bookkeeper stated that she used a figure of $4,299 to compute Average Monthly Wage when the correct amount was $6,748. $4,299 is 63.7 per cent of $6,748.

Let us examine the consequences of each of the interpretations of meritorious position.

If a claimant's "meritorious position" means, as we believe it does, that the reasons for the late filing appear to warrant relief, then the 60 day limitation in A.R.S. § 23–947 still has some vitality. Only if a claimant can demonstrate a meritorious reason for failing to request a hearing within 60 days will the untimeliness be waived. This interpretation might allow a claimant with a good reason for filing late but with a non-meritorious claim to be granted a hearing on the merits. However, this would also have been the result had the claimant filed in a timely manner. And if the requirement were only to show a prima facie case, the vast majority of claimants would have little difficulty. Therefore, the number of persons who are relieved of the late filing but have prima facie, a non-meritorious claim, would, in reality, be de minimus.

If the term "meritorious position" refers to both the reasons for late filing and the merits of the underlying claim with the requirement that both issues be weighed together, the 60 day time limit is all but obliterated. When a claimant makes an untimely filing, the hearing officer would have to permit the claimant to present not only the reasons for the late filing, but also at least a prima facie case on the merits. The hearing officer would then balance the reasons with the merits and decide if a meritorious position had been shown. This interpretation presents what appears to be an impossible standard to apply and would result in most untimely filings being waived unless actual prejudice to the carrier is shown. [The excessive delay part of the test is the least important, *Chavez,* supra, and in *Chavez,* 46 days was found as a matter of law, not to be excessive. An excessive delay is probably one where the carrier is prejudiced.]

Examining the consequences of the two possible interpretations of the *Chavez* opinion, we have concluded that the term "mer-

itorious position" must refer to the reasons for late filing and not the merits of the claim. Therefore, restricting the hearing to the reasons for the late filing was not error.

■ Kleinsmith's second argument is that even if "meritorious position" refers solely to the reasons for late filing, the hearing officer abused his discretion in failing to waive the untimely filing.

While *Parsons v. Bekins Freight,* supra, *Chavez v. Industrial Commission,* supra, and *Janis v. Industrial Commission,* supra, do not require a hearing on the merits as to compensability, they do require the hearing officer to consider certain other matters in determining whether "the interests of justice require that the untimeliness of the filing be waived." *Janis v. Industrial Commission,* 111 Ariz. at 363, 529 P.2d at 1180. See, *Gurovich v. Industrial Commission,* 23 Ariz.App. 486, 534 P.2d 294 (1975). This leads us to Kleinsmith's second argument; that if the principles set forth in these cases had been properly applied, the hearing officer could only have found that the untimeliness had to be waived.

Kleinsmith testified at the hearing regarding her recollection of what the Notice of Claim Status had said:

"A. That notice said that there had been nothing turned in of me being sick on the job or anything and told me that if I wanted a hearing, it would have to be done within 60 days."

She further testified that she felt that the letter she wrote explaining to the carrier her reasons for delaying in filing her claim "was more or less asking for a hearing." The hearing officer was the judge of whether the explanation given by Kleinsmith established a meritorious position. We find substantial evidence to support his determination that it did not.

■ A further matter for our consideration is Kleinsmith's claim of estoppel on the insurance company's action or inaction. In *Bernard v. Industrial Commission,*

24 Ariz.App. 136, 536 P.2d 705 (1975), an untimely filing of a Request for Hearing was waived because of the ambiguity in the Notice of Claim Status which tended to create the impression that claimant's coverage was continuing. Petitioner argues here that the carrier had a duty to respond to her letter, and is therefore estopped to assert the issue of untimely filing because of its failure to clarify the situation. Again we do not agree.

The Notice of Claim Status issued to Kleinsmith was clear and unambiguous. She understood that it denied her claim. Her testimony indicated that she was aware of the sixty-day limitation but did not note the further details with regard to the fact that she had to file with the Industrial Commission to request a hearing. Her testimony reflected that any misunderstanding was purely subjective and not the result of an ambiguous or confusing notice issued by the carrier.

The subjective state of claimant's mind when the Notice of Claim Status was received was a relevant factor in judging whether to excuse the late filing. *Chavez v. Industrial Commission*, supra; *Judd v. Industrial Commission*, 23 Ariz.App. 254, 532 P.2d 196 (1975). The hearing officer, however, had the duty to resolve the fact questions and was the judge of the witnesses' credibility. *Ranger Insurance Co. v. Industrial Commission*, 15 Ariz.App. 45, 485 P.2d 869 (1971); *Ballesteros v. Industrial Commission*, 14 Ariz.App. 438, 484 P.2d 207 (1971); *Royal Globe Insurance Co. v. Industrial Commission*, 20 Ariz.App. 432, 513 P.2d 970 (1973).

Based on the record of this case; the testimony of the claimant, Kleinsmith, as to her failure to make a timely filing and the lack of any confusion or ambiguity in the Notice of Claim Status, we cannot say that the hearing officer abused his discretion in finding that Kleinsmith had not shown meritorious reasons for her late filing.

The award is affirmed.

SCHROEDER, J., concurs.

NELSON, Presiding Judge (dissenting).

I find that I must respectfully dissent from the majority's interpretation of the three decisions of the Arizona Supreme Court which direct our conclusions in this case: *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972); *Janis v. Industrial Commission of Arizona*, 111 Ariz. 362, 529 P.2d 1179 (1974); and *Chavez v. Industrial Commission of Arizona*, 111 Ariz. 364, 529 P.2d 1181 (1974). It is my view that the "meritorious position" portion of the three-pronged test outlined both by the decisions of the Arizona Supreme Court and by the majority, supra, refers to the merits of the claim of the applicant for workmen's compensation benefits in any given case, be it an original claim, a petition to reopen, or what have you. The "meritorious position" referred to by the Arizona Supreme Court in *Parsons, Janis* and *Chavez,* supra, has nothing whatsoever —in my opinion—to do with the reasons as to why the claim was filed late.

I agree with Judge Wren's analysis above that this interpretation all but obliterates the time limits in question. I believe this was the clear intention of the three cases in question. Once a claimant shows that he has a prima facie case on the merits regarding his industrial claim, whatever that claim might be, then if ". . . the facts do not establish excessive delay and the delay would not in some way prejudice the insurance carrier, the interests of justice *require that the Commission waive the untimeliness of the filing." Chavez,* supra, 111 Ariz. at 365, 529 P.2d at 1182. (Emphasis supplied.)

I would go even further and say that in all cases involving only short periods of delay, i. e., days and weeks as opposed to months and years, there is in essence only at two-pronged test: (1) the meritorious position; and (2) the damage or prejudice to the carrier. It seems to me that this

conclusion is mandated by Justice Struckmeyer's language that ". . . short delays are the least important aspect of this test. What is important is that the facts appear to warrant relief and that the delay is not unfair in its consequences to the carrier in that the carrier was not in some way damaged to his prejudice." *Chavez,* supra, 111 Ariz. at 365, 366, 529 P.2d at 1182, 1183.

While each judge may have his own viewpoint as to which system is best, either counting up the days and if the numbers add up correctly you are in, and if they add up incorrectly, you are out, or applying the essentially two-pronged test which I suggest is now the law in Arizona, either one of these tests is relatively easy to apply and will result in a fair and uniform impact on all claimants and carriers. Since it is obvious that the simple mathematical formula originally set out by the Legislature and the Industrial Commission of Arizona to govern all of these cases has been essentially rejected by the Supreme Court of Arizona, I suggest that the almost 180 degree turn that I find dictated by *Parsons, Janis* and *Chavez,* supra, is more logical and infinitely easier to administer than the situation which would occur if the majority's interpretation proves correct.

I suspect the fact situations surrounding failures to timely file appropriate documents as required by either the statutes or the rules of the Industrial Commission are infinite in number. If the majority's viewpoint were to stand, I can imagine several years of litigation surrounding these myriad fact situations. I can further envision great disparity in results, depending upon what hearing officer and what lawyers and what judges are involved in any given case.

In addition it seems to me that the result I perceive as being indicated by *Parsons, Janis* and *Chavez,* supra, is totally consistent with the general liberal interpretation to be given the law of workmen's compensation in Arizona. *Beasley v. Industrial Commission of Arizona,* 108 Ariz. 391, 499 P.2d 106 (1972); *Pottinger v. Industrial Commission of Arizona,* 22 Ariz.App. 389, 527 P.2d 1232 (1974); *In re Trull,* 21 Ariz.App. 511, 520 P.2d 1188 (1974). Judge Ogg's language in *In re Trull,* supra, clearly points the way:

"In applying the facts in this case to these guidelines it appears the Industrial Commission should have exercised its discretion and accepted jurisdiction. The one day lateness in filing could not be termed excessive delay. There are no unfair consequences to the insurance carrier either alleged or shown by the evidence. It is clearly in the interest of justice that this case be decided on its merits.

Our decision in the case before us appears to be in harmony with these guidelines and certainly in line with basic principles of law.

In practically all other fields of law we have rules and abundant case law which affords relief in appropriate cases where a party fails to meet a specific time limitation. Rule 60(c), Rules of Civil Procedure (Vol. 16, ARS), allows defaults to be set aside for numerous reasons in the interest of justice. It is the announced general policy of the law that cases should be tried on their merits and not disposed of on technicalities. *Bateman v. McDonald,* 94 Ariz. 327, 385 P.2d 208 (1963); *Frank v. Solomon,* 94 Ariz. 55, 381 P.2d 591 (1963); *Dons Club v. Anderson,* 83 Ariz. 94, 317 P.2d 534 (1957); *Dungan v. Superior Court,* 20 Ariz.App. 289, 512 P.2d 52 (1973).

*These broad legal concepts have particular meaning in the field of Workmen's Compensation where the statutes are remedial in nature and are to be interpreted liberally to see that justice is done."* (Emphasis supplied.) 21 Ariz. App. at 513, 514, 520 P.2d at 1190, 1191.

I would set aside the award.