NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SUE ELLEN EL ASALI, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CAVEO SVC, *Respondent Employer*,

AMERICAN LIBERTY INSURANCE CO, *Respondent Insurance Carrier*.

No. 1 CA-IC 21-0050
FILED 11-10-2022

Special Action - Industrial Commission
ICA Claim No. 20180640038
Carrier Claim No. 6671077
The Honorable Michelle Bodi, Administrative Law Judge

**AFFIRMED**

COUNSEL

Sue Ellen El Asali, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Norton & Brozina PC, Phoenix
By Kevin E. Karges
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

**¶1**         This case presents the question of whether Sue Ellen El Asali ("El Asali") filed a timely request for administrative review of the Industrial Commission of Arizona's ("ICA") decision that she was not excused for filing a late request for hearing. The administrative law judge ("ALJ") found that she did not have reasonable cause for missing the deadline for filing for review. Because the record supports that finding, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         El Asali was injured in 2017 while working for Caveo Services, LLC, whose workers are insured by American Liberty Insurance Company. She filed a claim and received benefits. On March 28, 2019, American issued a Notice of Claim closing the claim with no permanent disability. Over 580 days later, on October 28, 2020, El Asali filed a request for a hearing challenging the closure of her claim. American raised the affirmative defense of untimely filing, and the ICA held a hearing solely on the issue of the cause for El Asali's untimely filing.

**¶3**         At the hearing, El Asali agreed that the closure notice had been sent to the correct mailing address but noted that she was not living at that address at that time. El Asali testified that her hearing request was filed beyond the 90-day deadline because she was experiencing severe health problems during that time. From March 2019 until October 2020, she did not check her mail at the address to which the notice was sent. She learned of the closure of her claim for the first time when she checked her mail in October 2020. She admitted that she had prioritized her health concerns and neglected other personal duties during that time. As soon as she learned of the closure in October 2020, she filed her hearing request.

¶4　　　　　The ALJ issued an award finding that El Asali failed to prove any of the three reasons for excusal under A.R.S. § 23-947(B), which include reliance on a statement from the ICA that causes a late filing, mental incapacity or legal incompetence at the time the notice is issued, and lack of receipt of the notice. Therefore, the ALJ did not excuse her from the 90-day deadline. The ALJ made no findings regarding A.R.S. § 23-947(C), which requires a worker seeking excusal of a deadline under any of the three statutory excuses to show that she exercised reasonable care and diligence. The award found that the closure notice was final. The award notified El Asali that she had 30 days from when the award was mailed to file a request for administrative review. The award was mailed on July 2, 2021.

¶5　　　　　El Asali filed a request for review on September 23, 2021, stating that the "letter" she received said that she had 90 days to seek review. Upon review of the award, the ALJ affirmed her decision because she found that El Asali had missed the deadline for filing a timely request for review and did not have reasonable cause for doing so. The ALJ found that the award had notified El Asali that she needed to file any review request within 30 days, not 90 days. El Asali then filed a timely statutory special action petition for review with this Court.

## DISCUSSION

¶6　　　　　An ICA award is final unless one of the parties files a request for review within 30 days of service of the award. A.R.S. § 23-942(D). Here, the award was served to the parties by mail on July 2, 2021, giving El Asali until August 2, 2021, to file a review request. She did not do so. Instead, El Asali filed a request for review on September 23, 2021. Knowing it might be considered late, she stated in the request her belief that she had 90 days to file it.

¶7　　　　　When a request for review is filed beyond the statutory deadline, the ICA must determine whether (1) the filer "appears to have a meritorious position," (2) the delay was excessive, and (3) the delay prejudiced the other party in some way. *Janis v. Indus. Comm'n*, 111 Ariz. 362, 363 (1974).[1] If all three of these factors are present, the untimeliness should be waived. *Id*.

---

[1]　　　　The ALJ's finding that she "ha[d] no jurisdiction to consider the late-filed Request for Review" is inconsistent with the Arizona Supreme Court's

¶8        The record supports the ALJ's conclusion that a waiver of the 30-day deadline was inappropriate.  Although the delay was not excessive, and there was no apparent prejudice against the carrier, El Asali's position had no obvious merit.  She had received clear notice of the 30-day deadline in the award.  El Asali's mistaken belief that she had 90 days to file for review does not provide a meritorious foundation for a waiver in this circumstance.[2]  Accordingly, the ALJ correctly affirmed the award.

¶9        Although we conclude that the record supports the ALJ's finding that El Asali's request for review was filed past the 30-day deadline without excuse, we note that if the person who missed a deadline nevertheless failed to act with reasonable care and diligence, the inquiry is over, and no review of the three statutory reasons for excusal is necessary.  *See* A.R.S. § 23-947.

¶10       Following a Notice of Claim Status, a claimant has 90 days to request a hearing.  A.R.S. § 23-947(A).  Upon failure to file a timely request, the notice becomes final.  A.R.S. § 23-947(B).  The statute provides three excuses for missing the 90-day deadline: (1) the claimant justifiably relied on a statement from the employer, carrier, or ICA; (2) the claimant suffered from insanity or legal incompetence or incapacity, including minority, when the notice was issued; or (3) the claimant did not receive the notice, proven by clear and convincing evidence.  A.R.S. § 23-947(B)(1)-(3).  However, none of these excuses apply if the claimant did not exercise reasonable care and diligence such that she would have known about the notice during the 90 days.  A.R.S. § 23-947(C).

¶11       Although the ALJ did not make findings, uncontested evidence supports the ALJ's conclusion that El Asali did not act with reasonable care and diligence during the 90 days following the closure notice.  Accordingly, she was not excused from the 90-day time limit.

---

decision in *Janis* in which it rejected the ICA's belief that it lacked jurisdiction over a late-filed "protest" of an award.  111 Ariz. at 363.

[2]        Neither was there any reason to hold further hearing on the cause of the delay because El Asali stated that the delay was caused by her misunderstanding of the timeframe.

**CONCLUSION**

¶12        Because El Asali did not file a timely request for review, the ICA award finding her hearing request untimely became final. Accordingly, we affirm the award.



AMY M. WOOD • Clerk of the Court
FILED:    AA