NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAVID COUREY, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

HOUSING AUTHORITY MARICOPA COUNTY, *Respondent Employer*,

COPPERPOINT INSURANCE CO, *Respondent Insurance Carrier*.

No. 1 CA-IC 22-0027
FILED 1-17-2023

Special Action - Industrial Commission
ICA Claim No. 89081040999
Carrier Claim No. 8911532
The Honorable Paula R. Eaton, Administrative Law Judge

**AFFIRMED**

COUNSEL

David Courey, Lake Havasu City
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

CopperPoint Insurance Company, Phoenix
By Chiko F. Swiney
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

---

**B A I L E Y**, Judge:

¶1 Petitioner David Courey challenges the Industrial Commission of Arizona's ("ICA") dismissal of his petition to reopen his workers' compensation claim because he failed, without good cause, to file a timely request for administrative review. Because Courey has shown no error, that dismissal stands.

## FACTS AND PROCEDURAL HISTORY

¶2 Courey was injured in 1989 while working for the Housing Authority of Maricopa County. He injured his shoulder and back and was treated for years. In 2017, his claim was closed by carrier CopperPoint Insurance Company.

¶3 In May 2021, Courey filed a petition to reopen his claim for further medical treatment. On June 15, 2021, CopperPoint denied his request. On September 27, 2021, more than a hundred days later, Courey filed a request for hearing, protesting the denial. CopperPoint moved to dismiss the request because it was filed beyond the 90 days required by statute. An ICA administrative law judge ("ALJ") held a hearing focused solely on the issue of whether there was reasonable cause for the untimely filing. At the hearing, Courey admitted that he timely received the June 15, 2021, denial of his petition to reopen but claimed that he filed his hearing request late because he had trouble getting documentation from his doctor or hospital in a timely fashion.

¶4 The ALJ issued an award on February 14, 2022, finding that the hearing request had been untimely filed without good cause for excusal. The award informed the parties that they must file a written request for administrative review within 30 days of the award mailing if they wanted

2

the ALJ to review and reconsider the award. On March 21, 2022, 35 days later, Courey filed a request for administrative review. The request was denied as untimely and for failing to state good cause for being filed beyond the 30-day deadline. Courey then brought this action for judicial review.

## DISCUSSION

**¶5**        Arizona Revised Statutes § 23-942(D) declares that an ICA award is final unless one of the parties files a request for review within 30 days of service. When an untimely request for review is filed, the ICA must consider whether there is cause for the untimeliness, there has been an excessive delay, the delay prejudiced the other party, and the interests of justice require a waiver of the deadline. *Janis v. Indus. Comm'n*, 111 Ariz. 362, 363 (1974).

**¶6**        As applied, the record does not contain the reason Courey filed his review request late. Thus, he did not establish a good cause for the late filing. Even in his brief filed in this Court, he has not explained why he failed to meet the 30-day deadline. The record shows that the award informed him of the 30-day deadline, so he knew of its importance. When he missed that deadline, the award dismissing his petition to reopen for failure to timely request a hearing after denial became final. In addition, his reason for failing to meet the 90-day deadline (that he was waiting for medical documentation) does not constitute good cause either. Accordingly, Courey has shown no abuse of discretion in the ICA's denial of his petition to reopen.

## CONCLUSION

**¶7**        We affirm the ICA dismissal.



AMY M. WOOD • Clerk of the Court
FILED:    AA